**E-Filed 3/25/2008**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACKIE BLENNIS and DAVID BRICKNER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD CO., a California Corporation; and DOES 1 through 250 inclusive,<br><br>Defendants. | Case Number C 07-00333 JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>[re: docket no. 12] |

**I.  BACKGROUND**

Plaintiffs Jackie Blennis ("Blennis") and David Brickner ("Brickner") (collectively, "Plaintiffs") bring this putative class action against Hewlett-Packard Company ("HP"), alleging seven alternative claims: (1) unjust enrichment; (2) breach of express warranty; (3) breach of implied warranty; (4) fraudulent concealment; (5) unfair or deceptive business practice within the meaning of California Business and Professions Code; (6) trespass to chattels; and (7)

---

[1] This disposition is not designated for publication and may not be cited.

conversion.

Plaintiffs filed their complaint on January 17, 2007, alleging the following. HP designs and manufactures inkjet printers and ink cartridges. Complaint at ¶ 2. HP has designed its printers to shut down before they have run out of ink on an undisclosed "expiration date." *Id*. This design prevents consumers from using a significant amount of ink left in the cartridge and also prevents them from utilizing the features of the printer that do not require ink, such as faxing or scanning documents. *Id*. at ¶¶ 2, 32.

According to the Complaint, both Blennis and Brickner currently own HP printers. Blennis purchased an HP OfficeJet D155 at Staples in Poughkeepsie, New York during 2000 or 2001. *Id*. at ¶ 21. On four separate occasions, Blennis's printer has ceased all operations because the ink cartridge has expired. *Id*. at ¶ 24. On the fourth occasion, Blennis contacted HP to complain. Blennis alleges that she was told that "she HAD to buy a new ink cartridge." *Id*. at ¶ 28. Brickner purchased an HP OfficeJet 5510 at Wal-Mart in Santa Rosa, California sometime during 2005 or 2006. In December of 2006, an error code appeared on Brickner's printer indicating that the ink cartridge had expired. Despite the fact that a "significant" amount of ink remained in the ink cartridge, Brickner allegedly was precluded from printing, faxing and scanning documents. *Id*. at ¶ 31,32.

Plaintiffs' breach of warranty claim alleges that HP written warranties, website, labels and marketing materials represent that "HP's inkjet printers and ink cartridges would be free of defects in materials and workmanship for the duration of the warranty period." *Id*. at ¶¶ 50, 52. Plaintiffs' breach of implied warranty claim asserts: "Plaintiffs and the class relied on HP marketing materials and representations regarding their printers and ink cartridges." *Id*. at ¶ 56. Plaintiffs' unjust enrichment claim does not refer to warranties but instead asserts that HP has earned large profits by concealing expiration dates and the effects of expiration. *Id*. at ¶ 46.

HP moves to dismiss the complaint. Plaintiffs oppose the motion.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v.*

1  *McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court also may consider documents which are referenced extensively in the complaint and which are accepted by all parties as authentic, which are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

### III. DISCUSSION

1. <u>Breach of Express Warranty</u>

HP has filed copies of two express warranties with its moving papers. iTt argues that Plaintiffs' claim for breach of express warranty should be dismissed because these warranties expressly do not apply to *expired* cartridges. Plaintiffs argue that neither of the warranties may be considered because they were not referenced in the Complaint, and it is not clear that they ever were presented to the named Plaintiffs. HP contends that while courts generally must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint, consideration of the warranties is proper in this case under the incorporation-by-reference doctrine, which allows a court to consider documents referenced in the complaint. *See Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Plaintiffs dispute HP's assert that the warranties it has identified are those referred to in the complaint. Because the issue appears to be one of fact, the Court will not consider the submitted warranties at this time.

An express warranty is a contractual term relating to the title, character, quality, identity or condition of the sold goods. *Fogo v. Cutter Labs,. Inc.*, 68 Cal. App.3d 744, 847 (Cal. Ct. App. 1st Dist. 1977). To make out a breach of express warranty claim, a plaintiff must show that the seller: "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." *Rodarte v. Philipmorris*, No. 03-0353FMC, 2003 WL 23341208 at *7 (C.D. Cal. June 23, 2003). "In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App.3d 135, 142 (Cal. Ct. App. 2d Dist. 1986); *see also Long v. Hewlett-Packard Co.*, No. 06-02816 JW, 2006 WL 4877691 at *4 (N.D. Cal. 2006).

Plaintiffs have not identified any specific warranty provision upon which they allegedly relied. Plaintiffs state generally that HP has warranted to provide printers and cartridges free from defect "for the duration of the warranty period." Complaint at ¶¶ 50, 51. HP contends that all of its warranties, including the submitted warranties, expressly exclude ink cartridges, and by their express terms "do[] not cover HP ink products that have been refilled, remanufactured, refurbished, misused, tampered with, or products receiving a printer generated expiration message." Motion to Dismiss at 6. This factual dispute underscores the necessity of pleading exact terms as required by California law. Plaintiffs have not met the pleading requirement. Accordingly, their express warranty claim will be dismissed with leave to amend.

        2.     <u>Breach of Implied Warranty</u>

HP argues that Plaintiffs' claim for breach of implied warranty should be dismissed for three reasons: (1) Plaintiffs allege an implied warranty that is expressly disclaimed in HP's warranties; (2) Plaintiffs did not provide HP with adequate notice of their claim; and (3) Plaintiffs are not in privity of contract with HP.

HP's first argument relies on language that is not alleged in the complaint but instead appears in the warranties it submitted. For the reasons set forth above, the Court will not

4

Case No. C07-0333
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

consider these warranties and accordingly, will not reach the merits of this argument.

Next, HP contends that Plaintiffs cannot recover for breach of express warranty because timely notice of breach was not given. California Commercial Code § 2607(3)(A) provides that a "buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Cal. Com. Code § 2607(3)(A). "The requirement of notice of breach is . . . designed to allow the defendant opportunity for repairing the defective item, reducing damages, avoiding defective products in the future, and negotiating settlements." *Pollard v. Saxe & Yolles Dev. Co.*, 12 Cal.3d 374, 380 (1974).

However, timely notice of a breach under California law no longer is required where the action is against a manufacturer on a warranty that arises independently of a contract of sale, such as a manufacturer's express warranty. *Greenman v. Yuba Power Prods.*, 59 Cal. 2d 57, 61 (Cal. 1963). In *Greenman*, the California Supreme Court explained that "[t]he notice requirement . . . is not an appropriate one for the court to adopt in actions by injured consumers against manufacturers with whom they have not dealt." *Id.* The court also explained that the notice requirement "becomes a booby-trap for the unwary. The injured consumer is seldom steeped in the business practice which justifies the rule, and at least until he has had legal advice it will not occur to him to give notice to one whom he has had no dealings." *Id.* (citations and internal quotations omitted). In the instant case, Plaintiffs bought their HP printers from retail sellers. HP's express warranties were not contained in the contract of sale between the Plaintiffs and the retail sellers but instead were created independently in HP's brochure. Thus, even if Plaintiffs did not give timely notice of the breach to HP, the claim is not barred. *See Corp. of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Cavanaugh*, 217 Cal. App. 2d 492, 514-15 (Cal. Ct. App. 2d Dist. 1963) (finding that "even if the plaintiff did not give timely notice of breach of warranty to the manufacturer the cause of action should not be held to have been barred").[2]

---

[2] Defendant argues that it was entitled to notice under *Fieldstone Co. v. Briggs Plumbing Prods., Inc.*, 54 Cal.App.4th 357, 369-70 (1997). The court in *Fieldstone* held the plaintiff was required to provide notice on the basis of its finding that the plaintiff was "sophisticated." In so

5
Case No. C07-0333
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

1   Finally, HP contends that Plaintiffs' claim should be dismissed because there is no privity

2 of contract between Plaintiffs and HP.  Privity of contract is required to state a claim for breach

3 of warranty under California law, with a few narrow exceptions:

4 >   The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the sale. . . . [One] possible exception to the general rule is found in a few cases where the purchaser of product relied on representations made by the manufacturer in labels or advertising material, and recovery from the manufacturer was allowed on the theory of an express warranty without a showing of privity.

8 *Burr v. Sherwin Willians Co.*, 42 Cal. 2d 682, 695-96 (Cal. 1954); *see also Chandler v.*

9 *Chandler*, No. 96-1047 SI, 1997 WL 464827 at *7 (N.D. Cal. 1997) ("vertical privity is a

10 prerequisite in California for recovery on a breach of implied warranty theory."); *All W. Elecs.,*

11 *Inc. v. M-B-W, Inc.*, 64 Cal. App. 4th 717, 725 (Cal. Ct. App. 5th Dist. 1998) ("Privity of contract

12 is a prerequisite in California for recovery on a theory of breach of implied warranties of fitness

13 and merchantability.").  Plaintiffs concede that they are not in privity of contract with HP.

14 However, they argue that privity of contract is not required in the instant case because Plaintiffs

15 have relied on manufacturer's representations in promotional materials, packaging information,

16 and warranty materials.  Plaintiffs' argument is not persuasive, because the exception for labels

17 and promotional materials gives rise only to *express* warranty claims.  Accordingly, Plaintiff's

18 implied warranty claim will be dismissed with leave to amend.

19   3.   Unjust Enrichment

20   Under California law, unjust enrichment is "synonymous with restitution." *McBride v.*

21 *Boughton*, 123 Cal. App.4th 379, 387 (2004).  To prevail on an unjust enrichment claim, the

22 plaintiff must establish that the defendant received a benefit and that it would be unjust to allow

23 defendant to retain the benefit at the expense of plaintiff.  *Lectrodryer v. SeoulBank*, 77 Cal.

24 App. 4th 723, 726 (cal. Ct. App. 1st Dist. 2000).  "Determining whether it is unjust for a person

25 to retain a benefit may involve policy considerations." *First Nationwide Sav. v. Perry*, 11 Cal.

---

27 doing, the court distinguished *Greenman*, which did not involve a sophisticated plaintiff. *Id*. at 369.  Because it has not been shown that Plaintiffs in the instant case are "sophisticated" it is not
28 clear that *Fieldstone* is apposite.

App. 4th 1657, 1663 (Cal. Ct. App. 6th Dist. 1992).

HP argues that Plaintiffs' unjust enrichment claim must be dismissed because Plaintiffs' breach of warranty claim alleges a contractual relationship. HP is correct that "[a] plaintiff can recover for unjust enrichment only where there is no contractual relationship between the parties." *Gerlinger v. Amazon.com, Inc.*, 311 F. Supp.2d 838, 856 (N.D. Cal. 2004). However, "[a] Party may . . . state as many separate claims or defenses as the party has regardless of consistency . . ." Fed. R. Civ. Pro. (8)(e)(2). Plaintiffs are entitled to plead an unjust enrichment claim in the alternative. Accordingly, this claim will not be dismissed.

### 4. Fraudulent Concealment

Plaintiffs allege that they have suffered injury because HP failed to disclose the following:

> (a) that HP ink cartridges will and do expire on a predetermined date; (b) the date on which HP ink cartridges will expire; (c) that HP ink cartridges can and do 'expire' even when a significant amount of useable ink remains in the cartridge; (d) that consumers are prevented from using the significant (and very expensive) ink that they have purchased when an HP ink cartridge has purportedly 'expired': (e) tat consumers' printers will shut down and prevent ALL printing operations . . . when an HP ink cartridge has purportedly 'expired'; and (f) that HP ink cartridges can and do "expire" even when under warranty.

Complaint at ¶ 3. HP argues that these allegations are insufficient because Plaintiffs have not identified a fraudulent misrepresentation. As a general rule, to state a claim for fraudulent concealment a plaintiff need not allege a fraudulent statement or misrepresentation. *See Clark v. San Joaquin Cmty. Hosp.*, No. F044977, 2005 WL 459138 at *5 (Cal. App. 5th Dist. Feb. 25, 2005). "The elements of fraud . . . are: (1) representation; (2) falsity; (3) knowledge of falsity; (4) intent to deceive; and (5) reliance and resulting damage (causation). Active concealment or suppression of facts by a nonfiduciary is the equivalent of a false representation . . . ." *Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 291 (Cal. Ct. App. 2d Dist. 2004).

However, a mere failure to disclose facts does not constitute actionable fraud because there also must be a *duty* to disclose. *Goodman v. Kennedy*, 18 Cal.3d 335, 343 (Cal. 1976). In *Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824 (Cal. Ct. App. 2d Dist. 2006), the court analyzed a manufacturer's duty to disclose defects in merchandise. The court held that

Case No. C07-0333
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

the manufacturer had a duty to disclose those facts which if concealed were likely to deceive the consumer at the time of the sale. The court reasoned that absent a manufacturer representation regarding the life span of the merchandise the only expectation that a purchaser could have had at the time of the sale was that the product would function properly for the duration of the warranty. Therefore, the manufacturer had no duty to disclose that, "in the fullness of time," a given party might eventually fail. *Id.* at 838.

Here Plaintiffs have not alleged that HP made any misrepresentations. Instead, they have alleged that their reasonable expectation at the time of sale was that the printers would function properly for the period of the warranty. Plaintiffs have alleged specifically that the ink cartridges were designed to expire while under warranty and that Defendant did not disclose this fact. Because these allegations are sufficient, Plaintiffs' fraudulent concealment claim will not be dismissed.

        5.        Unfair or Deceptive Business Practice

The UCL defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. § 17200. By proscribing any "unlawful" business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The UCL has been interpreted broadly to prohibit unfair competition. *See, e.g.*, *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553 (Cal. 1998) (selling of cigarettes to minors in violation of state penal code constitutes unfair competition under the statute).

To state a claim under Cal. Bus. & Prof. Code § 17200 *et seq.*, a plaintiff must show only that "members of the public are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (citations and internal quotation omitted). However, allegations "must state with reasonable particularity the facts supporting the statutory elements" of the alleged violation. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 2d Dist. 1993)). Moreover, a claim under the UCL need not be based upon violation of another law as "a practice

may be deemed unfair even if not specifically proscribed by some other law." *Cel-Tech Communications, Inc.*, 20 Cal.4th at 180.

HP contends that Plaintiffs have not adequately pled unlawful or unfair behavior. In support of this argument, HP asserts that: (1) a claim for unfair or deceptive business practices cannot be predicated on an express or implied breach of warranty claim; and (2) even if an express or implied warranty claim were a sufficient basis for a UCL claim, Plaintiffs have not successfully pled a warranty claim. Motion to Dismiss at 15-16. While the Court agrees with HP that Plaintiffs' warranty claims are subject to dismissal, Plaintiffs have stated a claim for unjust enrichment, and thus an adequate allegation of an unfair business practice has been made. Accordingly, Plaintiffs' § 17200 claim will not be dismissed.

### 6. Conversion and Trespass to Chattels

Finally, HP contends that Plaintiffs have failed to state a claim for conversion and trespass to chattels. The elements of conversion under California law are: "(1) plaintiff's ownership or right to possession of a certain piece of property; (2) defendant's conversion of the property by wrongful act or disposition of property rights; and (3) damages." *Firoozye v. Earthlink Network*, 153 F. Supp.2d 1115, 1129 (N.D. Cal. 2001). "Conversion is an intentional exercise of dominion or control [by defendant] over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement of Torts 2d § 222A. The tort of trespass to chattels "lies where an intentional interference with possession of personal property has proximately caused injury." *Intel Co. v. Hamidi*, 30 Cal. 4th 1342, 1350 (Cal. 2003) (internal citations omitted). Plaintiffs cite no authority holding that a design defect constitutes either a wrongful act resulting in a conversion of property or an intentional interference with one's right of possession. For these reasons, the Court will dismiss Plaintiffs' claims for trespass to chattels and conversion with leave to amend.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is GRANTED in part and DENIED in part. Any amended complaint shall be filed within thirty

1 (30) days of the date of this order.

2

3 DATED: March 25, 2008

4

5                                              _____
                                               JEREMY FOGEL
6                                              United States District Judge

Case No. C07-0333
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

This Order has been served upon the following persons:

Alfredo Torrijos     at@kblawyers.com

Brian S. Kabateck     bsk@kblawyers.com

Richard Kellner     rlk@kblawyers.com

Christopher Chorba     cchorba@gibsondunn.com

Michael Dore     mdore@gibsondunn.com

11

Case No. C07-0333
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)